UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO VALENTIN,<br><br>    Petitioner,<br><br>v.<br><br>SEAN MEDEIROS,<br><br>    Respondent. | Civil Action No. 15-12831-LTS |

ORDER

March 18, 2016

SOROKIN, D.J.

For the reasons set forth below, the Court denies the petitioner's motion to appeal in forma pauperis.

**I.   Background**

In June 2015, Pedro Valentin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1992 conviction for first-degree murder. He subsequently paid the $5.00 filing fee. The Court denied the petition, finding that it was filed well beyond the one-year limitations period of 28 U.S.C. § 2244(d). Valentin had filed the habeas petition within one year of the state court's denial of his motion for a new trial. However, the limitations period of § 2244(d) had already expired when Valentin filed the motion for a new trial, and the state court's adjudication of the motion on the merits did not create a new one-year period to seek federal review of his conviction. The Court also held that no certificate of appealability would issue.

Valentine timely filed a notice of appeal and now seeks leave to appeal in forma pauperis. In the form affidavit accompanying the motion to appeal in forma pauperis, the petitioner represents that his income is limited to $40 per month from prison employment. Although the affidavit states that a prisoner must include a statement of his institutional account

showing the all transactions during the previous six months, Valentin did not submit this document.

## II.    Discussion

Under the federal in forma pauperis statute, a litigant appealing a judgment in a civil action must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(b)(2). Because Valentin has not complied with this requirement, the Court must deny the motion to appeal in forma pauperis.

The Court also denies the motion to appeal in forma pauperis because the appeal lacks any merit. Congress has dictated that [a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Without calling into question Valentin's subjective intentions, his appeal is without merit and therefore is not taken in good faith, within the meaning of 28 U.S.C. § 1915(a)(3). The law is firmly established that, where the one-year limitations period of § 2244(d) has expired, the denial of a subsequently-filed motion for a new trial (or other form of post-conviction relief sought in state court) does not give rise to a new one-year period of limitations for seeking review under § 2254. See Madden v. Thaler, 521 Fed. Appx. 316, 320 (5th Cir. 2013) (per curiam); De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state's latitude or lassitude with respect to time [to file a collateral challenge to a conviction] does not extend the AEDPA's limit."); Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Ferguson v. Palmateer,

321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Winkfield v. Bagley, 66 Fed. Appx. 578, 581-82 (6th Cir. 2003); Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam); Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000); cf. Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009) ("It is clear from the statutory language [of § 2244(d)(2)] that the possibility of filing an application for post-conviction relief is not enough to toll the limitations period; instead, an application must be 'properly filed' and 'pending." (quoting 28 U.S.C. § 2244(d)(2)).

### III. Order

Accordingly:

(1) The motion to appeal in forma pauperis is DENIED and the Court certifies that the appeal is not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

(2) Valentin may file a motion to appeal in forma pauperis provided that he does so in accordance with Rule 24(a)(5) of the Federal Rules of Appellate Procedure.[1]

(3) The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin

---

[1]This rule provides, in relevant part:

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1) [of the Federal Rules of Appellate Procedure].

Fed. R. App. P. 24(a)(5).

United States District Judge